UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 18 Cr. 580 (KPF) |
| AURORA SANCHEZ, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On May 21, 2020, this Court received what it understood to be a *pro se* motion from Defendant Aurora Sanchez for compassionate release, in the form of immediate release from custody to supervised release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Dkt. #44). As Ms. Sanchez's motion did not indicate whether she had attempted to exhaust her administrative remedies, on May 22, 2020, the Court directed Ms. Sanchez to advise the Court as to whether she had petitioned the Bureau of Prisons for relief, and if she had, when such petition was made. (*See id.*). The Court has received no further submissions from Ms. Sanchez.

On the record before it, the Court now understands that Ms. Sanchez's application may have been one for home confinement pursuant to 18 U.S.C. § 3624(c)(2) and the CARES Act. In particular, Ms. Sanchez's request seeks relief under the CARES Act, which expanded the ability of the BOP to transfer inmates to home confinement, *see* 18 U.S.C. § 3642(c), and makes no reference to § 3582(c)(1)(A), but instead refers to the possibility of transfers to home confinement pursuant to the CARES Act. (*See id.*).

This Court has previously concluded that "[a] defendant may move under § 3582(c)(1)(A) only after the defendant has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (noting prior denial without prejudice because of failure to exhaust administrative requirements).  On this record, the Court concludes the same, and denies Ms. Sanchez's application without prejudice to its renewal after she exhausts her administrative remedies under § 3582(c)(1).

The Clerk of Court is directed to terminate the motion at docket entry 44. The Clerk of Court is further directed to mail a copy of this Order to Ms. Sanchez at her address of record.

SO ORDERED.

Dated:   December 1, 2020
         New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge